No. 24,982.

M. O. NYBERG, as City Physician, etc., *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK et al., *Defendants.*

#### SYLLABUS BY THE COURT.

MANDAMUS—*Isolation of Woman Infected with Veneral Disease—Order of Local Health Officer—Duty of Sheriff to Execute—Duty of County Commissioners to Pay Expenses.* It is the duty of the sheriff of a county to execute, and the duty of the board of county commissioners to bear the expense of executing, an order regularly issued by the local health officer of the state board of health, and directed to the sheriff, isolating a woman affected with veneral disease at the state quarantine hospital for women, at Lansing.

Original proceeding in mandamus. Opinion filed June 9, 1923. Disposition postponed for ten days.

*Robert C. Foulston,* and *George Siefkin,* both of Wichita, for the plaintiff.
*I. N. Williams,* and *H. C. Castor,* both of Wichita, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is one to require the sheriff to execute, and the board of county commissioners to pay for executing, an order isolating a woman affected with venereal disease, at the state industrial farm at Lansing.

The petition discloses an isolation order issued by the plaintiff in his official capacity and directed to the sheriff; refusal of the commissioners to be responsible for the sheriff's fees and expenses in executing the order; notification of the sheriff and the plaintiff of such refusal; and willingness of the sheriff to execute the order, but for the attitude of the commissioners. The petition is accompanied by affidavit showing ample reason for applying to this court for the writ, rather than to the district court. The answers are in the form of demurrers. The facts stated in the petition are therefore admitted, and the question is whether they authorize issuance of the writ.

The authority of the plaintiff as a health officer to issue an order of isolation is not open to dispute. (*In re McGee,* 105 Kan. 574, 185 Pac. 14). Technically, the order should have directed isolation at the Kansas state quarantine hospital for women. The variance is

immaterial, since that is the name applied to the state industrial farm when used for quarantine purposes, and the substantial question is: Must the sheriff execute, and the commissioners bear the expense of executing, the order?

Execution of the order requires restraint of the woman, and consequently must be by some one who may rightfully keep and vindicate custody from Wichita to Lansing. Authority of police officers of the city is limited to municipal jurisdiction. The sheriff is the state's chief executive officer in his county (*The State v. McCarty,* 104 Kan. 301, 305, 179 Pac. 309), and he is the only officer possessing the necessary authority outside of his county. The statute provides that the sheriff shall serve and execute all process, writs, precepts and orders issued or made by lawful authority and to him directed. (Gen. Stat. 1915, § 2749.) The courts are not the only sources of process directed to sheriffs. County treasurers issue tax warrants, the governor issues warrants for fugitives from justice, and the order here involved was issued by competent authority, within the meaning of the statute.

Special provision not having been made for payment of expense incurred in executing isolation orders, the general provision of the statute relating to payment by the county commissioners of the · sheriff's expenses, applies. (Gen. Stat. 1915, § 4714.) This is no hardship to the county, because the service is rendered in a matter of quarantine, the expense of which falls ultimately on the county.

In the brief for the commissioner it is said no expense has been incurred in executing the isolation order; should expense be incurred, they are entitled to have the bill presented in the regular way; should a bill be presented, they are authorized to determine whether it should be paid. The commissioners are precluded from taking this position, because they have refused in advance to recognize execution of the order by the sheriff as binding them to pay lawful charges, and have denied all liability therefor.

The commissioners say the plaintiff has a plain and adequate remedy at law. The thing to be done is immediate transportation of a woman with an infectious disease to a place of isolation. What the commissioners suggest is a method of getting back the money after the isolation order has been executed at the expense of somebody else.

The commissioners challenge the capacity of the plaintiff to maintain the action. The court is in doubt about the matter. Perhaps

the state, on the relation of the attorney-general, ought to be substituted as plaintiff.

From what has been said, it should be clear to the sheriff that he ought to execute the order at once, and present his voucher to the board of county commissioners in the usual way. When this is done, he should advise the court, in due form, of the fact. If at that time the attitude of the commissioners has not changed, the court will determine the course to be pursued.

The immediate order will be that disposition of the case is postponed for ten days.